UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS FULLER,

        Petitioner,

        Case Number: 03-10313
v.        Honorable David M. Lawson

BARBARA BOUCHARD,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Curtis Fuller, a state inmate currently incarcerated at the Alger Maximum Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of his constitutional rights. The petitioner was convicted of armed robbery, assault with intent to do great bodily harm less than murder, felonious assault, and felony firearm following a jury trial in Recorder's Court of the City of Detroit in 1996. On February 7, 1997, the petitioner was sentenced to five to sixteen years imprisonment for the armed robbery conviction, five to ten years imprisonment for the assault with intent to do great bodily harm less than murder conviction, and thirty to fifty-eight months imprisonment for the felonious assault conviction, to be served concurrently with one another and consecutively to a sentence of five years imprisonment for the felony-firearm conviction. In his pleadings, the petitioner challenges the effectiveness of his trial counsel, the admission of a weapon seized at the time of his arrest, the denial of a motion for directed verdict at trial, and the sufficiency of the evidence to convict him. He requests a hearing to prove his contentions concerning equitable tolling and the other arguments made in support of his petition. In lieu of filing a response, the respondent filed a motion to dismiss or for summary judgment asserting that the petition should be

dismissed for failure to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). The Court concludes that the petition was filed out of time in this Court and the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will dismiss the petition.

I.

Following his convictions and sentencing, the petitioner filed an appeal of right in the Michigan Court of Appeals. On July 24, 1998, the Michigan Court of Appeals issued an opinion affirming the petitioner's convictions. *People v. Fuller*, No. 203336 (Mich. Ct. App. July 24, 1998). The petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Fuller*, No. 112766 (Mich. Mar. 30, 1999).

On December 11, 2000, the petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on June 22, 2001. The petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the motion for failure to pursue the case in conformity with the rules. *People v. Fuller*, No. 236222 (Mich. Ct. App. Nov. 2, 2001). The petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied on January 31, 2003. *People v. Fuller*, No. 121855 (Mich. Jan. 31, 2003).

The petitioner filed the pending petition for a writ of habeas corpus on December 15, 2003. In response to the petition, the respondent filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus dated June 23, 2004. The petitioner has filed a response to the Motion for Summary Judgment.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date of the Act. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed thirteen days after the limitations period expired for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A Michigan prisoner's conviction becomes "final" ninety days after the Michigan Supreme Court renders its decision denying leave to appeal or on the merits, accounting for the period within which the defendant may apply to the United States Supreme Court for a writ of certiorari. If a

certiorari petition is actually filed, then the conclusion of Supreme Court proceedings establishes the finality date under § 2244(d)(1). 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986); *see Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

In the pending case, the Michigan Supreme Court, on direct review, denied the petitioner's delayed application for leave to appeal on March 30, 1999. *People v. Fuller*, No. 112766 (Mich. March 30, 1999). The petitioner's conviction became final ninety days later, on June 27, 1999, when the time during which the petitioner could have filed a petition for certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, June 28, 1999. *See Bronaugh*, 235 F.3d at 284-85 (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner makes no argument under 28 U.S.C. § 2244(d)(1)(A)-(D) that another commencement date for the running of the limitations period should apply. Therefore, absent state collateral review, the petitioner was required to file his application for habeas corpus relief by June 28, 2000 to comply with the one-year limitations period. The petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However, the petitioner's motion for relief from judgment was not filed until December 11, 2000, over five months after the limitations period already had expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, the petitioner's state court proceedings initiated in December 2000 did not toll the running of the statute of limitations. The

AEDPA's limitations period is tolled only while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Abela v. Martin*, 348 F.3d 164, 174 (6th Cir. 2003) (en banc) (holding that "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case"). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Thus, the petitioner's federal habeas petition, filed on December 15, 2003, is untimely.

The petitioner claims that he is entitled to equitable tolling of the limitations period. The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

The petitioner alleges that he is entitled to equitable tolling of the limitations period because he was deprived of access to his legal property from December 4, 1999 until sometime after March 2000. An essential component of the doctrine of equitable tolling is a petitioner's diligent pursuit

of federal habeas relief. "Where the litigant does not claim lack of knowledge or notice of the filing requirement, this court's inquiry is focused on examining his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay." *See Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (holding that a petitioner must show that he exercised due diligence in pursuing section 2254 relief to support equitable tolling). Even assuming that the petitioner did not have access to legal materials from December 1999 through sometime after March 2000, the petitioner fails to explain why he did not pursue habeas corpus relief from June 28, 1999 through December 1999. In addition, the petitioner clearly had sufficient access to his legal materials to file a motion for relief from judgment in the trial court on December 11, 2000. His appeal from the trial court's denial of his motion for relief from judgement concluded on May 2, 2003, when the time for filing a petition for a writ of certiorari from the Michigan Supreme Court's denial of his application for leave to appeal expired. *Abela*, 348 F.3d at 172-73. The petitioner fails to explain why he then waited over seven months to file his habeas petition in this Court. These delays evidence a lack of diligence, and the Court will not equitably toll the limitations period in the face of this lack of diligence.

The petitioner also claims that he is entitled to equitable tolling of the limitations period because he is a layman, untrained in the law. The fact that the petitioner is untrained in the law, may have been proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing"); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Thus, the petitioner's ignorance of the law,

by itself, is insufficient to warrant equitable tolling of the limitations period.

Finally, the petitioner claims that he is entitled to tolling of the limitations period because he is actually innocent. The Sixth Circuit has endorsed the view that the Constitution requires an actual innocence exception to AEDPA's statute of limitations. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The petitioner has failed to demonstrate that he was actually innocent of the crime of which he was convicted. To assert a credible claim of actual innocence, a petitioner must present "new reliable evidence" demonstrating his innocence "that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must persuade the district court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 327. The petitioner has presented no new reliable evidence, in light of which, no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. The petitioner only argues the merits of his claims for habeas corpus relief: that his constitutional rights were violated when the police arrested him, and counsel was ineffective at trial and on appeal. He clothes his arguments in the contention that a violation of his constitutional rights creates a miscarriage of justice entitling him to equitable tolling. His argument lacks merit. The Supreme Court has determined that a miscarriage of justice entitling a prisoner to equitable relief requires a showing of actual innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) ("[T]he miscarriage of justice exception would allow successive claims to be heard if the petitioner 'establish[es] that under the probative evidence he has a colorable claim of factual innocence.'").

III.

The Court concludes that the petitioner failed to file his application for a writ of habeas corpus within the one-year limitations period established by 42 U.S.C. § 2244(d). The Court further

concludes that the petitioner has failed to demonstrate any exceptional circumstances that would warrant equitable tolling of the limitations period. In addition, the petitioner is not entitled to an evidentiary hearing. Even if he were to prove all of the asserted factual allegations in support of his claims, he would not be entitled to the relief he seeks.

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 24] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: February 23, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2006.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---