UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS FULLER,

        Petitioner,             Case Number: 03-10313-BC
                                  Honorable David M. Lawson

v.

BARBARA BOUCHARD,

        Respondent.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

This Court has denied Curtis Fuller's petition for a writ of habeas corpus, which was brought pursuant to 28 U.S.C. § 2254. The petitioner has now filed a notice of appeal requesting a certificate of appealability.

I.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 890, 898 n.4 (1983)).

II.

The Court dismissed the petition because it was not timely filed in this Court and equitable tolling of the limitations period was not warranted.

Habeas petitions brought by petitioners challenging state court judgments must be filed within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the pending case, the Michigan Supreme Court, on direct review, denied the petitioner's delayed application for leave to appeal on March 30, 1999. *People v. Fuller*, No. 112766 (Mich. March 30, 1999). The petitioner's conviction became final on June 27, 1999, when the time during which the petitioner could have filed a petition for certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, June 28, 1999. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The limitations period ran, uninterrupted, until it expired on June 28, 2000. Although the petitioner sought state collateral

review of his conviction by filing a motion for relief from judgment in the trial court, the motion for relief from judgment did not toll the limitations period because it was filed over five months after the limitations period already had expired. Thus, the Court concluded that the petitioner's federal habeas petition was untimely.

The petitioner asserted various claims for equitable tolling of the limitations period. The Court held that, applying the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), the petitioner's claims were insufficient to justify equitable tolling of the limitations period.

### III.

The Court concludes that jurists of reason would not find its conclusion that the petition was untimely and that the petitioner should not benefit from equitable tolling to be debatable or wrong. The Court, therefore, shall deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: April 12, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2006.

                                        s/Tracy A. Jacobs<br>
                                        TRACY A. JACOBS